974 F.2d 1331
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Roy Lee OWENS, Petitioner.
In Re: Ephriam Vandorain STANCIL, Petitioner.
 Nos. 92-8046, 92-8048.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 24, 1992
Decided: August 28, 1992
 
 On Petitions for Writs of Mandamus.
 Roy Lee Owens, Ephriam Vandorain Stancil, Petitioners Pro Se.
 PETITIONS DENIED
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roy Lee Owens and Ephriam Vandorain Stancil were each convicted of one count of conspiracy to possess cocaine with intent to distribute. Owens appealed, but his conviction was affirmed. United States v. Owens, No. 90-5335 (4th Cir. Feb. 28, 1991) (unpublished). Stancil did not appeal his conviction. Owens and Stancil both filed motions for relief under 28 U.S.C. § 2255 (1988) in August 1991. The Government responded to the motions in the fall of 1991. The magistrate judge recommended that both motions be denied in March 1992; Owens and Stancil each filed objections to those recommendations.
 
 
 2
 Owens and Stancil filed petitions for writs of mandamus in this Court alleging that the district court unduly delayed acting on the § 2255 motions. They further contended that they had filed motions in the district court in March 1992 for production of transcripts of grand jury testimony and surveillance tapes, and that the court had not yet acted on those motions. They sought orders directing that the transcripts they requested be produced without delay; in the alternative, they moved for release pending further proceedings.
 
 
 3
 Shortly after the petitions were filed, the district court denied both § 2255 motions and the related motions for production of transcripts. Because the district court has acted on the § 2255 motions, we find that mandamus relief based on allegations of delay is not warranted.*
 
 
 4
 Finally, the Petitioners both seek release pending further proceedings. A motion for release after a criminal conviction must be submitted in the first instance to the district court; this Court generally will not consider such a motion absent an order of the district court denying release. Cf. Fed. R. App. P. 9(b) (application for release after a judgment of conviction shall be made in the district court in the first instance). Neither Owens nor Stancil has moved for immediate release pending further proceedings in the district court, so their motions before this Court are premature.
 
 
 5
 Although we grant leave to proceed in forma pauperis, we deny the petitions for writs of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 PETITIONS DENIED
 
 
 *
 To the extent that the Petitioners have moved in this Court for production of transcripts, we decline to grant their requests because they have not demonstrated that the transcripts are necessary to resolution of any matter currently before this Court. 28 U.S.C.A. § 753(f) (West Supp. 1992)